FILED
2011 May-27  AM 11:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT )<br><br>Plaintiff )<br><br>v. )<br><br>DORA TUCKER, TRISTIAN TUCKER, DEMETRAE GRIFFIN, and CHRISTEN GRIFFIN, )<br><br>Defendants ) | Civil Action No. _____ |

### PETITION FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, The Automobile Insurance Company of Hartford, Connecticut ("AICH"), and files this Petition for Declaratory Judgment, alleging as follows:

1.      This action for declaratory relief is brought to determine the rights, duties, status, and legal relations of the parties under the insurance policy described below.

## PARTIES

2.     The Plaintiff, AICH, is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in the State of Connecticut.

3.     Upon information and belief, Defendant Dora Tucker is an individual citizen of the State of Alabama who resides in Morgan County, Alabama.

4.     Upon information and belief, Defendant Tristian Tucker is an individual citizen of the State of Alabama who resides in Lauderdale County, Alabama.

5.     Upon information and belief, Defendant Demetrae Griffin is an individual citizen of the State of Alabama who resides in Morgan County, Alabama.

6.     Upon information and belief, Defendant Christen Griffin is an individual citizen of the State of Alabama who resides in Morgan County, Alabama.

## JURISDICTION AND VENUE

7.     AICH invokes this Court's jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. Section 1332.  AICH is diverse from all the Defendants, and the amount in controversy exceeds $75,000.

8.     Venue in this District is proper pursuant to 28 U.S.C. Section 1391(a)(2), as a substantial part of the events, acts, or omissions giving rise to the asserted claims took place in this District.

## GENERAL ALLEGATIONS

9.     AICH issued a Homeowners Insurance Policy, bearing policy number 979558870 633 1, for the policy period May 24, 2008 to May 24, 2009, to Dora Tucker as the named insured (the "Policy"). A copy of the Policy is attached as Exhibit "A."

10.     The Policy has a $300,000 per occurrence limit.

11.     Upon information and belief, Tristian Tucker shot Demetrae Griffin with a gun on or about March 1, 2009.

12.     At the time of the shooting, Tristian Tucker was not a resident of the household of Dora Tucker.

13.     At the time of the shooting, Tristian Tucker resided in an apartment in Tuscumbia, Alabama.

14.     On or about April 27, 2010, Demetrae Griffin and Christen Griffin (hereinafter sometimes referred to collectively as "the Griffin Defendants") filed a Complaint against Tristian Tucker in the Circuit Court of Morgan County, Alabama (the "Underlying Litigation"). A copy of the Complaint in the Underlying Litigation is attached hereto as Exhibit "B."

15.     In the Complaint in the Underlying Litigation, the Griffin Defendants allege that Demetrae Griffin suffered "catastrophic injuries when the defendant,

3

TRISTIAN TUCKER negligently and/or wantonly discharged a firearm and the minor plaintiff was struck by the bullet from same." [Exhibit "B" at ¶ 4].

16.    Also   in the Complaint in the Underlying Litigation, the Griffin Defendants allege that Christen Griffin, as mother and legal guardian of Defendant Demetrae Griffin, "incurred medical expenses and other costs including loss of services of her son." [Exhibit "B" at ¶ 10].

17.    Plaintiff AICH did not receive notice of either the shooting or the Underlying Lawsuit until on or about December 2, 2010.

18.    Plaintiff AICH's first notice of the shooting and the Underlying Lawsuit was when counsel for the Griffin Defendants forwarded a copy of the Complaint in the Underlying Lawsuit to AICH.

19.    Plaintiff AICH's first notice was approximately twenty-one months after the shooting and five and half months after the filing of the Complaint in the Underlying Lawsuit.

20.    Neither Dora Tucker nor Tristian Tucker ever provided notice to AICH of the shooting and/or the Underlying Lawsuit as required by the Policy.

21.    On or about May 19, 2011, counsel for the Griffin Defendants made demand on AICH that it pay the $300,000 policy limits under the Policy in settlement of the underlying claim.

4

22.     Upon information and believe, the Underlying Litigation is presently set for a jury trial on or about May 25, 2011.

## COUNT I: DECLARATORY JUDGMENT – NO COVERAGE BECAUSE TRISTIAN TUCKER IS NOT AN INSURED UNDER THE AICH POLICY

23.     AICH re-alleges and incorporates by reference paragraphs 1-22 as if fully set forth herein.

24.     AICH does not owe coverage under the Policy for the claims asserted by the Griffin Defendants, as Tristian Tucker is not an insured under the terms of the Policy.

25.     The Policy includes the following definition of an "insured":

4.     **"insured"** means you and the following residents of your household:

   a.     your relatives;

   b.     any other person under the age of 21 who is in the care of any person named above.

   . . .

[Exhibit "A," policy form HA-6 (06-91), p. 1 of 21].

26.     The Policy defines "you" and "your" as "the "named insured" shown in the Declarations and the spouse, is a resident of the same household . . ." [Exhibit "A," policy form HA-6 (06-91), p. 1 of 21].

5

27.   Dora Tucker is the named insured under the Policy.

28.   Tristian Tucker was not a resident of Dora Tucker's household at the time of the shooting.

29.   Tristian Tucker is not an insured under the Policy.

30.   As Tristian Tucker is not an insured under the Policy, Tristian Tucker is not entitled to either defense or indemnity under the Policy for the claims asserted by the Griffin Defendants in the Underlying Litigation.

31.   A justiciable controversy exists with regard to coverage for Tristian Tucker under the Policy.

## COUNT II:   DECLARATORY JUDGMENT – NO COVERAGE BECAUSE THE CONDITIONS OF THE POLICY WERE NOT MET

32.   AICH re-alleges and incorporates by reference paragraphs 1-31 as if fully set forth herein.

33.   AICH does not owe coverage under the Policy for the claims asserted by the Griffin Defendants because the conditions of the Policy have not been met, including, but not limited to, the requirement that timely notice be provided under the Policy.

34.   The Policy includes Section II – Conditions, which provides, in part:

## SECTION II - CONDITIONS

. . .

3.    **Duties After Loss.**  In case of accident of **occurrence**, the **insured** shall perform the following duties that apply.  You will help us by seeing that these duties are performed:

    a.    give written notice to us or our agent as soon as is practical, which sets forth:

        (1)    the identity of the policy and **insured**;
        (2)    reasonably available information on the time, place and circumstances of the accident or **occurrence**; and
        (3)    names and addresses of any claimants and witnesses;

    b.    Promptly forward to us every notice, demand, summons or other process relating to the accident or **occurrence**;

. . .

[Exhibit "A," policy form HA-6 (06-91), p. 18 of 21].

35.    No insured complied with the conditions of the Policy, including, but not limited to, the notice conditions under the Policy.

36.    Because no insured complied with the conditions of the Policy, including, but not limited to, the notice conditions in the Policy, Tristian Tucker is not entitled to either defense or indemnity under the Policy for the claims asserted by the Griffin Defendants in the Underlying Litigation.

37.     A bona fide controversy exists between the parties as to their legal rights, status, and

liabilities pursuant to the Policy.

WHEREFORE, PREMISES CONSIDERED, AICH respectfully requests the following relief:

(1)     That this Court take jurisdiction of this petition;

(2)     That this Court will ORDER, ADJUDGE, and DECREE that this is a proper case for declaratory judgment relief and that there is a bona fide controversy between the parties as to their legal rights, status, and liabilities;

(3)     That the process of this Court be issued to the Defendants as provided by law and the rules of this Court and that the Defendants be ordered to respond to this petition for declaratory judgment within the time prescribed by law or in the event of failure to do so, suffer a decree *pro confesso*;

(4)     That, upon final hearing of this cause, this Court will declare the rights, status, and legal relations of AICH and the Defendants named in this petition under the Policy;

(5)     That, upon a final hearing of this case, this Court will ORDER, ADJUDGE, or DECREE that no coverage is afforded to the Defendants under the Policy for the claims brought by the aforesaid parties;

8

(6)    That, upon a final hearing of this case, this Court will award AICH costs, as well as any other relief that this Court deems equitable and just.

(7)    That, if AICH is mistaken in any special relief herein prayed for, then it prays for such other, further or more general relief to which it may be entitled in the premises.

Respectfully submitted,

_____
Brenen G. Ely (ASB-0366-E54B)
Joel S. Isenberg (ASB-8855-N76J)
Attorneys for Plaintiff The Automobile
Insurance Company of Hartford, Connecticut

OF COUNSEL:
ELY & ISENBERG, LLC
The Mountain Brook Center
2700 Highway 280 East
Suite 110
Birmingham, AL 35223
Phone: (205) 313-1200
Facsimile: (205) 313-1201
bely@elylawllc.com
jisenberg@elylawllc.com

## SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:

Dora Tucker
1017 Danville Road SW
Decatur, Alabama 35601

Tristian Tucker
1414 Chism Road, Apt. #6
Florence, Alabama 35630

Demetrae Griffin
County Road 203
Danville, Alabama 35619

Christen Griffin
County Road 203
Danville, Alabama 35619