# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

THE AUTOMOBILE INSURANCE
COMPANY OF HARTFORD,
CONNECTICUT,

     PLAINTIFF,

vs.                                             CASE NO. CV 11-J-1734-NE

DORA TUCKER, TRISTAN
TUCKER, DEMETRAE GRIFFIN
and CHRISTEN GRIFFIN,

     DEFENDANTS.

## <u>MEMORANDUM OPINION</u>

Pending before the court is plaintiff's motion for summary judgment (doc. 29),

brief in support of said motion (doc. 30), and evidentiary submissions (doc. 31), to

which defendants failed to respond.[1]  Having considered said motion, brief and

evidence, as well as the pleadings to date, the court finds as follows:

The plaintiff filed this action under the Declaratory Judgment Act, 28 U.S.C.

§ 2201, seeking to have the court declare that its policy of insurance, issued to Dora

Tucker, does not provide benefits based on (1) the failure of Dora or Tristian Tucker

---

[1]Pursuant to the scheduling order entered in this case on August 24, 2011, the
defendants had fourteen days from the date the plaintiff filed its motion, brief and evidence, to
respond to the motion for summary judgment.  The plaintiff's pleadings were filed on
December 5, 2011, and to date, no response has been received from the defendants.

to provide notice of a claim as required under the policy provisions, and (2) the fact that Tristian Tucker was not an insured under the terms of the policy.  Defendants Demetrae and Christen Griffen (the "Griffin defendants") filed a counterclaim against plaintiff alleging they are entitled to recovery as judgment creditors pursuant to Ala.Code § 27-23-2.

On October 27, 2011, after a hearing, the court entered judgment by default against defendants Tristian Tucker and Dora Tucker (doc. 28). At the same time, the court specifically found that no coverage was provided under homeowners policy number 979558870 633 1 issued by plaintiff to defendant Dora Tucker.  Defendants Demetrae Griffin and Christen Griffin had filed an opposition to the motion for entry of default and default judgment, asserting that they had obtained a judgment in state court against  Tristian Tucker[2] (doc. 19).

The Griffin defendants did not reassert these claims in response to the pending motion for summary judgment.

## SUMMARY JUDGMENT STANDARD

A moving party is entitled to summary judgment if there is no genuine issue of material fact, leaving final judgment to be decided as a matter of law. *See* Federal

---

[2]According to their opposition, Tristian Tucker shot Demetrae Griffin during an altercation in Dora Tucker's house where Tristian Tucker was a "resident" (doc. 19).

Rule of Civil Procedure 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1355-56 (1986); *Reeves v. C.H. Robinson Worldwide, Inc.*, 525 F .3d 1139, 1143 (11th Cir.2008). The facts, and any reasonable inferences therefrom, are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the non-movant's favor. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1609 (1970). Once met by the moving party, however, the burden shifts to the non-moving party to come forward with evidence to establish each element essential to that party's case sufficient to sustain a jury verdict. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir.1990).

A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir.1990). In addition, the non-moving party's evidence on rebuttal must be significantly probative and not based on mere assertion or be merely colorable. *See* Rule 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2511 (1986). Speculation does not create a genuine issue of fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir.2005).

Although the Griffin defendants have failed to file a response to the plaintiff's motion for summary judgment, no procedural tool for a default summary judgment exists under Fed.R.Civ.Pro. 56. The court must still find that summary judgment is appropriate from the pleadings and the evidence. However, "the language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[3] *Celotex Corp.,* 477 U.S. at 322-23.

## LEGAL ANALYSIS

The court applies Alabama law to the insurance contract in question. The undisputed relevant facts[4] demonstrate that on February 28, 2009, Tristian Tucker

---

[3]In its current incarnation, Rule 56(c)(1), Fed.R.Civ.Pro., states as follows:

(1) ***Supporting Factual Positions.*** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>     (A)  citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>     (B)  showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Federal Rules of Civil Procedure Rule 56.

[4]Because the Griffin defendants have filed no response, the court takes the plaintiff's statement of undisputed facts as established. See Rule 56(e)(2), Fed.R.Civ.Pro.

shot Demetrae Griffin during an altercation in Dora Tucker's home.  The Griffin defendants filed a state court action against Tristian Tucker on April 27, 2010. Thereafter, on December 2, 2010, plaintiff received notice of the occurrence when it was contacted by the Griffin defendants' attorney.  The plaintiff was never informed of the occurrence by its own insured, Dora Tucker.

The relevant policy language requires the policy holder to "give written notice to us or our agent as soon as is practical" and to "[p]romptly forward to us every notice, demand, summons or other process relating to the accident or occurrence..." Exhibit B to plaintiff's motion at AICH_0051 (doc. 31-2).  Under Alabama law, such a notice requirement in an insurance policy is a condition precedent to the insured's coverage under that policy. *Pharr v. Cont'l Cas. Co.*, 429 So.2d 1018, 1019 (Ala.1983); *Martin v. Auto-Owners Ins*., 57 Ala.App. 489, 329 So.2d 547, 550 (Ala.Civ.App.1976).  Notice must be given "within a reasonable time under all the circumstances." *U.S. Fid. & Guar. Co. v. Baldwin County Home Builders Assoc., Inc*., 770 So.2d 72, 75 (Ala.2000) (quoting *Am. Liberty Ins. v. Soules*, 288 Ala. 163, 258 So.2d 872, 879 (1972)). In determining whether an insured has satisfied the reasonable notice requirement, courts consider: (1) the length of the delay, and (2) the existence of a reasonable excuse for the delay. *S. Guar. Ins. Co. v. Thomas*, 334 So.2d 879, 883 (Ala.1976).

Here, the length of delay was approximately 22 months from the occurrence, and then notice was provided by the Griffins' attorney, and not by Dora Tucker, the insured.  "[T]he failure of an insured to comply within a reasonable time with such conditions precedent in an insurance policy requiring the insureds to give notice of an accident or occurrence releases the insurer from obligations imposed by the insurance contract." *Travelers Indem. Co. of Connecticut v. Miller,* 2011 WL 6004619, 3 ((Ala.2011) (quoting *Reeves v. State Farm Fire & Cas. Co.*, 539 So.2d 252, 254 (Ala.1989)).  Such a failure has occurred here.  Even given that the plaintiff learned of the occurrence through the Griffin's attorney, that notice occurred some twenty-two months after the incident in question.  In *Nationwide Mut. Fire Insurance Co. v. Estate of Files*, the Alabama Supreme Court was faced with a similar set of facts.  There, the court stated

> The facts of this case are somewhat unusual, because it is undisputed that Sanford has never notified Nationwide of his altercation with Files. Thus, it could be argued that his failure to give notice is a continuing violation of the notice condition of his policy. However, as previously stated, Nationwide learned of the incident five months after it occurred. ..... For the purposes of our review, we will assume, without deciding, that Nationwide's actual notice of the occurrence excused Sanford from any continuing duty to provide the notice required of him by the policy.

*Files,* 10 So.3d 533, 536 (Ala.2008).

The Court then turned to other cases addressing delay in notice to an insurer, and ruled

6

A five-month delay in giving notice is sufficiently protracted as to require the insured to offer evidence of a reasonable excuse for the delay. *See Phoenix Assurance Co. v. Harry Harless Co.*, 303 F.Supp. 867 (N.D.Ala.), *aff'd*, 414 F.2d 794 (5th Cir.1969) (four-month delay); *Pharr v. Continental Cas. Co.*, 429 So.2d 1018 (Ala.1983) (eight-month delay); *Southern Guar. Ins. Co. v. Thomas*, 334 So.2d 879 (Ala.1976) (six-month delay). Sanford did not testify at trial; thus, there is no evidence of any excuse or justification for his failure to provide the requisite notice as soon as practicable. In his brief, Files makes no attempt to justify Sanford's failure.

For the foregoing reasons, we hold that, as a matter of law, Sanford failed to comply with the notice requirement of his homeowner's insurance policy. Therefore, as a matter of law, Files is not entitled to reach and apply the liability coverage of that policy to satisfy the judgment he obtained against Sanford.

*Files*, 10 So.3d 533, 536 (Ala..2008).

The court finds the facts before it to be indistinguishable from those in *Files,* except that the delay at issue here was four times longer than the delay in *Files*. As such, the court finds that as a matter of law the Griffins are not entitled to the liability coverage of Dora Tucker's policy to satisfy their judgment against Tristian Tucker. The court shall so rule by separate order.

The plaintiff further asserts, and the evidence supports, that at the time of the shooting Tristian Tucker lived in an apartment and had not resided with Dora Tucker for at least eight months.  Plaintiff's brief, at 9; Tristian Tucker depo. at 22.  The

court does not address this separate basis for finding a lack of coverage, as the above discussion is dispositive of the plaintiff's claim for declaratory judgment.

Therefore, the court shall enter judgment in favor of the plaintiff and against defendants Demetrae Griffin and Christen Griffin, for the reasons set forth herein.

**DONE** and **ORDERED** this the 4th day of January, 2012.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE